UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE EDWARDS ESTATE, )
JOYCE EDWARDS, and )
JVONNE FOSTER, )
                             )
       Plaintiffs, )
                             )        No. 17 C 3608
   v. )
                             )        Judge Sara L. Ellis
NORFOLK SOUTHERN RAILWAY )
COMPANY; JAMES A. SQUIRES CEO, )
Individual; MARTA R. STEWART CFO, )
Individual; DBA NORFOLK SOUTHERN )
RAILWAY CO.; AVP REAL ESTATE; )
NORFOLK SOUTHERN REAL ESTATE; )
47TH STREET INTERMODAL FACILITY )
EXPANSION PROJECT; 436 WEST 58TH )
STREET; CACCIATORE GROUP LAW )
FIRM; VICTOR CACCIATORE II, Individual; )
VICTOR J. CACCIATORE II, Cook County )
Attorney; DOROTHY BROWN, Individual, )
Cook County Clerk of Circuit Court; KAREN )
YARBROUGH, Individual, Cook County )
Recorder of Deeds; JAMES P. )
FLANNERY JR., Individual, Cook County )
Chief Judge Law Division; )
ANN COLLINS-DOLE, Individual, )
Cook County Judge; MARIA PAPPAS, )
Individual, Treasurer of Cook County; )
PAMELA BUSH, Individual, Postmaster of the )
United States Post Office; MATHEWSON )
RIGHT OF WAY COMPANY; )
MATHEWSON & MATHEWSON, P.C.; )
MATHEWSON & WISHNOFF AND )
TAYLOR, P.C., LAW FIRM; )
MARK D. MATHEWSON, Individual; )
MARK C. MATHEWSON, Individual; )
RICK TAYLOR, Individual; )
FIGLIULO & SILVERMAN, P.C.; CARL A. )
GIGANTE Individual; PATTI G. CARROLL, )
Individual; CARY G. BOOTH, Individual; )
URBAN RELOCATION SERVICES, INC.; )
JUNE WEBB, Individual; )

1

| | |
|---|---|
| ABUNDANT SERVICES, INC.; | ) |
| JASON MODLIK, Individual; | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court grants Defendants Norfolk Southern Railway Company, James A. Squires, Marta R. Stewart, Mathewson Right of Way Company, Mathewson & Mathewson, P.C., Mark D. Mathewson, Mark C. Mathewson, Figliulo & Silverman, P.C., Carl A. Gigante, Cary G. Booth, Urban Relocation Services, Inc., June Webb, and Patti G. Carroll's motion to dismiss [36] and Defendants Maria Pappas and Karen Yarbrough's motion to dismiss [34]. The Court also dismisses the amended complaint as to the remaining unserved defendants. Plaintiffs Joyce Edwards Estate[1], Joyce Edwards, and Jvonne Foster[2] are granted leave to amend their complaint one final time, and must do so by April 6, 2018. See statement for further details.

## STATEMENT[3]

The amended complaint is a disorganized mishmash of largely irrelevant law and confusing facts. To the extent the Court is able to decipher it, Plaintiffs appear to be alleging that Defendants engaged in a vast conspiracy to take their home located at 436 West 58th Street, Chicago, Illinois, through an eminent domain proceeding in state court. Plaintiffs seek injunctive and declaratory relief as well as damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Defendants Norfolk Southern Railway Company ("Norfolk"), James A. Squires, Marta R. Stewart, Mathewson Right of Way Company, Mathewson & Mathewson, P.C., Mark D. Mathewson, Mark C. Mathewson, Figliulo & Silverman, P.C., Carl A. Gigante, Cary G. Booth, Urban Relocation Services, Inc., June Webb, and Patti G. Carroll (collectively, the "Norfolk Defendants") move to dismiss the complaint

---

[1] The Court is unclear whether the Joyce Edwards Estate is a real legal entity. As Joyce Edwards appears to be living and a party to this lawsuit, it is unlikely that an estate bearing her name exists or has a claim against Defendants. If the estate does exist, it likely will need to be represented by counsel. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."). If Plaintiffs intend to proceed with the Joyce Edwards Estate as a plaintiff, it must either be represented by counsel or they must show that Edwards is the sole beneficiary of the estate.

[2] It is not clear that Foster has standing to pursue the claims in this amended complaint. She is not alleged to be an owner of the property in question and the Court is unaware of any other basis for her standing. Additionally, Plaintiffs are reminded that as pro se litigants they may only represent themselves in this proceeding. Foster may not represent Edwards or the Joyce Edwards Estate. Therefore, if Edwards wishes to continue prosecuting this case, she is required to attend future hearings or obtain counsel to represent her.

[3] Typically on a motion to dismiss the Court limits the facts it considers to those alleged in the complaint. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). However, because the amended complaint borders on the incomprehensible, the Court draws many of the facts below from Plaintiffs' responses to the motion to dismiss and Plaintiffs' unauthorized sur-reply.

arguing that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* abstention doctrine because Plaintiffs are in essence asking the Court to overturn the state court eminent domain decision and that Plaintiffs fail to allege sufficient facts to plausibly state a claim for relief. Defendants Maria Pappas and Karen Yarbrough also move to dismiss arguing that the complaint fails to state a claim for relief against them. Because Plaintiffs' claim is that the underlying eminent domain proceeding was so corrupted as to be invalid, the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction to hear this case. However, because Plaintiffs have not alleged facts to plausibly state a claim as to any Defendants, the Court grants both motions to dismiss.

The *Rooker-Feldman* doctrine bars federal district courts from asserting jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). However, *Rooker-Feldman* does not prevent litigants from seeking a federal remedy for alleged violations of their constitutional rights where "the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Plaintiffs' allegations, to the extent the Court can understand them, fall under this exception. In essence, Plaintiffs complain about a vast conspiracy to deprive them of their home without just compensation. They allege that this conspiracy involves a corruption of the judicial process through which Defendants obtained the judgment against them. If true, the underlying state court ruling would be invalid and would not impose a *Rooker-Feldman* bar. Therefore, *Rooker-Feldman* is inapplicable to the claims alleged here.

However, Plaintiffs' allegations of such a vast conspiracy are just the type of allegations the Seventh Circuit has counseled courts to view with a heightened level of skepticism. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (plaintiff must meet a "high standard of plausibility" when "alleging . . . a vast, encompassing conspiracy"). Furthermore, because Plaintiffs are accusing Defendants of engaging in a RICO conspiracy based on fraud, their allegations are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001) ("[A]llegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity."). Before subjecting Defendants to defending against such claims, Plaintiffs are required to present sufficient factual material to make them plausible. *Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010). The Court may rely upon "judicial experience and common sense" when evaluating plausibility. *Id.*

It is difficult to make out the structure of the alleged RICO conspiracy based on Plaintiffs' amended complaint, but as best the Court can surmise, it is as follows: The Norfolk Defendants brought an action in state court to seize Plaintiffs' home through eminent domain. Plaintiffs' attorney, Defendant Cacciatore, was hired and paid by Norfolk to defend Plaintiffs in this eminent domain action. This attorney encouraged Plaintiffs to accept a buyout, and when they refused, he intentionally filed a motion to dismiss the eminent domain action that he knew would fail. Plaintiffs fired him before a court heard the motion. At the motion hearing, Plaintiffs refused to participate because, they argued, the state court lacked jurisdiction over the matter.

The state court judge, Defendant Judge Ann Collins-Dole, ruled against Plaintiffs and set a trial date for the following week. Plaintiffs did not attend the trial and the judge ruled in favor of Norfolk and entered judgment setting the just compensation for Plaintiffs' home at $35,000. This is the entirety of the factual allegations in amended complaint. The remainder of the amended complaint is conclusory legal statements that the various defendants violated federal and state laws and engaged in a conspiracy to deprive Plaintiffs of their home without just compensation. These additional allegations are completely devoid of any factual basis.

The above allegations do not meet the requisite level of plausibility. Nothing in the complaint even attempts to explain why, how, or when numerous government officials, judges, lawyers, and other private actors conspired with the Norfolk Defendants to take Plaintiffs' home without just compensation. The allegations in the amended complaint read more like the recounting of a run-of-the-mill eminent domain proceeding than the makings of a widespread RICO conspiracy. Furthermore, the vast majority of the named defendants do not even appear in the body of the amended complaint. Plaintiffs appear to have taken the kitchen sink approach to pleading, throwing in every person or entity they have encountered in the process of losing their state court case and hoping something sticks. This method of pleading is not acceptable, even for a pro se litigant.

Seemingly recognizing that their amended complaint is deficient, Plaintiffs request leave to amend to fix its deficiencies. The Court will allow Plaintiffs one final opportunity to amend their complaint. The Court cautions Plaintiffs that the deficiencies with their current amended complaint are substantial, and that they will need to provide much greater detail of the alleged conspiracy and the roles the various Defendants played in that conspiracy to survive a motion to dismiss. Plaintiffs must allege with particularity the actions of each named defendant against whom they seek relief. Failure to do so will result in the Court dismissing the complaint with prejudice.

Finally, with respect to the other named defendants whom Plaintiffs have not served, the Court also dismisses the amended complaint. The deficiencies with the amended complaint apply equally to those defendants as to the defendants whom Plaintiffs have served. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (where one defendant files a motion that is equally effective in barring the claim against the other defendants, the Court may *sua sponte* rule in favor of the additional non-moving defendants).

For the foregoing reasons, the Court grants Defendants' motions to dismiss without prejudice. The Court grants Plaintiffs leave to amend their complaint one last time. Plaintiffs must file their second amended complaint by April 6, 2018 or the Court will convert this dismissal to one with prejudice.

Date: March 2, 2018                                             /s/ Sara L. Ellis_____