UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 3608 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY; | ) | |
| VICTOR CACCIATORE II, Individual; | ) | |
| MARK D. MATTHEWSON, Individual; | ) | |
| MARK C. MATTHEWSON, Individual; | ) | |
| JUNE WEBB, Individual; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendants Norfolk Southern Railway Company, Mark D. Mathewson, Mark C. Mathewson, and June Webb's motion to dismiss [62] Plaintiff Joyce Edwards' Second Amended Complaint with prejudice and the Court grants Defendant Victor Cacciatore II's motion to dismiss [59] the Federal Housing Act claim with prejudice and dismisses any claim for legal malpractice against Cacciatore for lack of subject matter jurisdiction. The case is terminated. See statement.

## STATEMENT

In her Second Amended Complaint ("SAC") Joyce Edwards[1] alleges that she purchased her home at 436 West 58th Street in Chicago in 1995. In 2015, Defendant Mark D. Mathewson ("Mark D.") approached her brother and expressed an interest in buying her home. Mark D. continued to contact Edwards' brother seeking to speak with Edwards about buying the home. In February 2016, after failing to purchase the house from Edwards, Mark D. filed a Complaint for Condemnation in the Cook County Circuit Court on behalf of Norfolk Southern Railway Company ("Norfolk").

In June 2016, Edwards retained Victor Cacciatore II to represent her in the Cook County condemnation proceeding. In July 2016, Cacciatore filed a Traverse and Motion to Dismiss in response to the Condemnation Complaint on behalf of Edwards. Edwards alleges that Cacciatore

---

[1] Jvonne Foster and the Estate of Joyce Edwards were previously named as plaintiffs in this case. They do not appear in the caption of the SAC, therefore the Court assumes they have abandoned their claims to the extent they had any. The Court once again notes that it is unlikely that Foster or the Estate of Joyce Edwards have standing to pursue any of the claims in this matter.

failed to make obvious arguments in the Traverse and Motion to Dismiss, and this failure prejudiced Edwards' defense.

On August 4, 2016, Edwards, accompanied by Cacciatore, attended a settlement conference with Mark D. At the settlement conference, Mark D. asked if Edwards would prefer to live in the Auburn-Gresham neighborhood, and Edwards responded that she would prefer to live in the Beverly or Washington Heights neighborhoods. Edwards also informed Mark D. that her brother who resides with her has cerebral palsy and that their new home would need to accommodate him. Mark D. made "denigrating comment[s] about handicap equipment" and stated that "housing accommodations was not in the budget." Doc. 52 at 6.

On August 19, 2016, Edwards and Cacciatore met with Defendant June Webb to discuss relocating her family. Webb provided Edwards with listings for several homes she believed to be comparable to Edwards' current home on 58th Street. Edwards did not believe any of the homes were adequate. On September 8, 2016, Cacciatore sent Edwards' daughter, Jvonne Foster, three additional homes. Again, Edwards found these homes to be inadequate. Edwards then contacted Cacciatore on October 25, 2016 and told him she had found an adequate home that she could purchase for $365,000. Norfolk's lawyers responded to this proposal by informing Edwards that they would pay a maximum of $220,000 for relocation, so she would be responsible for any value over that amount.

Several months passed without any progress on the negotiation. In early 2017, Cacciatore withdrew as counsel for Edwards. In May 2017, the parties appeared in Cook County Circuit Court, but Edwards was not represented by counsel. She argues that as a result she was unable to rebut Norfolk's assertion that it could only offer $220,000 under the applicable law. Though it is unclear from the SAC, it appears that as a result Edwards received an adverse ruling in that Cook County matter.

Edwards now brings this single count complaint alleging Defendants Norfolk, Mark D., Mark C. Mathewson, and Webb (collectively, the "Railroad Defendants") and Cacciatore violated the Fair Housing Acting ("FHA"), 42 U.S.C. § 3601 *et seq.*, for discriminating against her on the basis of her race or color. All Defendants move to dismiss.

Cacciatore moves to dismiss the FHA claim arguing that he acted as Edwards' attorney in the condemnation action and related negotiations. Cacciatore asserts that he is not liable under the FHA because he had no role as seller, renter, or financier of any residential real estate transaction at issue. The FHA makes it illegal for any person whose business is to engage in residential real estate transactions to discriminate against another in a residential real estate-related transaction. 42 U.S.C. § 3605(a). The FHA defines a residential real estate-related transaction as "(1) The making or purchasing of loans or providing other financial assistance – (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate. (2) The selling, brokering, or appraising of residential real property." 42 U.S.C. § 3605(b). There are no allegations that Cacciatore engages in residential real estate transactions; therefore, he is not subject to the FHA. Edwards argues that because Cacciatore acts as a lawyer in the real estate arena he is subject to the FHA, but this is simply not the case.

2

The text of the FHA is clear and does not apply to Cacciatore under the circumstances present here. Thus, this claim fails with regard to him.

Cacciatore also moves to dismiss any alleged legal malpractice claim against him. Because the Court dismisses all pending federal claims, it declines to retain jurisdiction over any state law legal malpractice claim Edwards may be seeking to bring. Therefore, to the extent Edwards has alleged a legal malpractice or breach of contract claim, the Court dismisses these claims for lack of subject matter jurisdiction.

The Railroad Defendants move to dismiss the FHA claim as well arguing that the SAC and attached documents establish that they did not engage in racial steering or discrimination based on disability or age. Edwards does not respond to these arguments in her response to the motion to dismiss, waiving any response she may have had. *Lekas v. Briley*, 405 F.3d 602, 615 (7th Cir. 2005) (failure to present legal argument or cite relevant authority in response to a motion to dismiss results in waiver of that claim). Instead Edwards once again raises her arguments about the defective nature of the underlying state court proceeding. The Court has already dismissed Edwards' claims that attempt to attack the state court proceeding and even if they were still live, Edwards' arguments in this responsive document would not save them from summary dismissal for the same reasons stated in the Court's prior order. Doc. 48.

Turning to the substance of the Railroad Defendants' motion, the Court finds that the SAC does not allege sufficient facts to state a claim for discrimination under the FHA. Edwards alleges that the Railroad Defendants discriminated against her by "misrepresenting strongly about choosing houses in selective neighborhood (sic) rather than others," Doc. 51 at 9, and engage in "unlawful discrimination on the basis of race to prevent certain people from moving into selected neighborhood (sic)." *id.*

Edwards does not specify how she believes the Railroad Defendants' conduct runs afoul of the FHA, but the Railroad Defendants posit that Edwards is attempting to advance a racial steering theory, and the Court agrees. The FHA prohibits people engaged in real estate transactions from encouraging and preserving "patterns of racial segregation in available housing by steering members of racial and ethnic groups to buildings occupied primarily by members of such racial and ethnic groups and away from buildings and neighborhoods inhabited primarily by members of other races or groups." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 366 n.1, 102 S. Ct. 1114, 71 L Ed. 2d 214 (1982).

Without even examining the actual houses that the Railroad Defendants proposed purchasing for Edwards, the text of the SAC fails to allege any conduct that plausibly suggests steering. The SAC identifies the neighborhoods of the proposed homes but does not allege that these neighborhoods are primarily inhabited by members of any specific race or group. Furthermore, the SAC does not provide any details regarding the neighborhood in which the house Edwards wished to purchase is located. Therefore, there is no basis upon which to conclude that the Railroad Defendants steered Edwards towards or away from any neighborhood on race-based factors. What's more, is the allegations in the SAC provide one consistent, non-race-based explanation for the Railroad Defendants' actions: price. Edwards may rightfully argue with the Railroad Defendants' valuation of her home and relocation costs, but the SAC

does not plausibly allege any facts to support that their unwillingness to purchase the more expensive home for Edwards was based in any way on race. Thus, Edwards fails to state an FHA claim against the Railroad Defendants.

Finally, the Railroad Defendants argue that Edwards may have been attempting to state a claim under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA") 42 U.S.C. §4601 *et. seq.*, but that such a claim also fails. The Court does not have jurisdiction to hear claims arising out of the URA; the Administrative Procedures Act ("APA") is the exclusive remedy for violations of the URA. *Wallace v. Chicago Hous. Auth.*, 298 F. Supp. 2d 710, 723 (N.D. Ill. 2003). Furthermore, even if Edwards brought a claim under the APA she has not made any showing that she exhausted her administrative remedies before bringing this suit. *Id.* Thus, to the extent she sought to bring a URA claim, it is dismissed.

The Court grants Defendants' motions to dismiss with prejudice. The Court finds that further leave to amend would be futile as Edwards cannot overcome the deficiencies with her FHA claim. This case is terminated.

Date: October 15, 2018 /s/ Sara L. Ellis